UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONALD WILLEN, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | Case No. 4:04CV144RWS/MLM |
| MIKE KEMNA and JEREMIAH W. (JAY) NIXON,[1] Missouri Attorney General, | ) | |
| Respondents. | ) | |

# REPORT AND RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner Donald Willen ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 1. Respondents filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 8. Petitioner filed a Traverse. Doc. 12. This matter was referred to the undersigned Magistrate Judge for report pursuant to 28 U.S.C. § 636(b)(1). Doc. 6.

## BACKGROUND

A jury found Petitioner guilty, on May 16, 1997, of one count of assault second degree, one count of kidnaping, three counts of armed criminal action, and one count of attempted escape from confinement. Resp. Ex. B at 76-82. Petitioner was sentenced to twenty years for the assault second degree count, life imprisonment for each of the kidnaping and attempted escape counts, and one hundred years for each count of armed criminal action. Resp. Ex. B at 101. Petitioner filed a direct

---

[1] Because Petitioner Donald Willen has sentences to serve in the future, Jerimiah W. (Jay) Nixon is a proper party respondent. See 28 U.S.C. § 2254.

appeal in which he raised the following issue: the trial court erred in sentencing Petitioner to consecutive terms. Resp. Ex. C. The Missouri appellate court denied Petitioner's direct appeal on June 22, 1999, and affirmed the judgment of the trial court. Resp. Ex. E.

On July 22, 1999, Petitioner filed a motion for post-conviction relief pursuant to Rule 29.15 and on November 15, 1999, filed a First Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. Resp. Ex. G at 3-45. Petitioner's State post-conviction relief motion was denied. On June 4, 2001, Petitioner filed an appeal of the denial of his Rule 29.15 motion with the Missouri appellate court. Resp. Ex. H. By Order dated September 25, 2001, the Missouri appellate court affirmed the motion court's denial of Petitioner's Rule 29.15 motion. Resp. Ex. J.

Petitioner filed a petition for writ of habeas corpus pursuant to Missouri Rule 91 on March 22, 2002. Resp. Ex. K. On June 14, 2002, the Circuit Court of DeKalb County, Missouri, issued an Order to Show Cause in Case No. CV502-50CC, Petitioner's State habeas matter, ordering Respondent Mike Kemna to show cause before August 1, 2002, why a Writ of Habeas Corpus should not be issued. Case No. 4:02CV941, Resp. Ex. U at 3. Respondent Mike Kemna filed a Response to Order to Show Cause. Resp. Ex. L.

On June 21, 2002, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in federal district court, Case No. 4:02CV941RWS/MLM. By Order, dated February 11, 2002, the federal district court adopted the Report and Recommendation of the United States Magistrate Judge and dismissed Petitioner's Petition in Case No. 4:02CV941RWS/MLM for failure to exhaust State remedies. The basis of this finding was that Petitioner's State habeas petition was pending and that the State court had issued a show cause order. The court found that claims made by Petitioner in his Petition in Case No. 4:02CV941RWS/MLM were claims which Petitioner included in his State habeas petition and that, therefore, comity dictated

that the State courts should have first opportunity to review Petitioner's claims. Resp. Ex. U at 6; Resp. Ex. V at 5. The United States Magistrate Judge also noted that although arguably Petitioner did not raise issues cognizable in a State habeas petition, a finding of whether Petitioner met the cause and prejudice standard required to raise issues pursuant to Rule 91 was a matter of Missouri law; as such, it was properly determined by Missouri courts whether Petitioner satisfied the cause and prejudice standard of Missouri law. Resp. Ex. U at 6. Petitioner was specifically put on notice by both the United States Magistrate Judge and the District Court that at such time Petitioner exhausted his State remedies in regard to his State habeas petition, Petitioner could refile his § 2254 Petition if he did so **"in the manner dictated by § 2244(d)(1) and (2)"**. Resp. Ex. U at 6; Resp. Ex. V at 5. The district court further stated that "[e]xhaustion is reached following review by the Missouri Court of Appeals." Resp. Ex. V at 5.

On September 26, 2002, the DeKalb County Circuit Court denied Petitioner's State habeas petition. Resp. Ex. N. By Order dated February 5, 2003, the State appellate court denied Petitioner's appeal of Petitioner's State habeas petition. Resp. Ex. O. Petitioner filed a second Rule 91 petition for habeas corpus in the Missouri appellate court on September 18, 2003, which was summarily denied on October 1, 2003. Resp. Ex. P, Ex. R.

Petitioner filed his current § 2254 Petition on February 3, 2004. In their Response to the Order to Show Cause in the matter under consideration Respondents contend that Petitioner's § 2254 Petition filed in the matter under consideration should be dismissed because it is untimely.

**LEGAL FRAMEWORK APPLICABLE TO DEFAULT, EXHAUSTION AND TIMELINESS ANALYSIS**

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (Sweet). Failure to raise a claim in a post-conviction appeal is

3

an abandonment of a claim. See id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (Coleman)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "'required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847, 1852 (2004) (Dreke). See also, Coleman, 501 U.S. at 750-51(holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1997).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. See Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988) (Smittie). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are 'no currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

4

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (Clark) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002) (Randolph), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. See id. at 405.

In Duncan v Walker, 533 U.S. 167, 178-79 (2001) (Duncan), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." See e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (O'Sullivan ); Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (Rose). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)(Darr)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. See 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement

5

will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

The court further notes that a habeas petitioner has the burden to show that all available state remedies are exhausted or that exceptional circumstances exist with respect to every claim in his petition. See Darr, 339 U.S. at 218-19; Carmichael v. White, 163 F.3d 1044, 1045(8th Cir. 1998); Breard v. Pruett, 134 F.3d 615, 619 (1998).

Section 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The Court, in Duncan, recognized the need to reconcile the tolling provision of § 2244(d)(2) with the exhaustion requirement of § 2254(b). The Court held that:

> Section 2254(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued At the same time, the provision limits the harm to the interest in finality by according tolling effect only to "properly filed application[s] for State post-conviction or other collateral review."

Duncan, 533 U.S. at 179-80.

The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. See id. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting Rose, 455 U.S. at 520).

Section 2244(d)(1) provides that any additional period during which the statute is tolled is added to the one-year period. See Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000) (Peterson). The limitation period of § 2254(d)(1) runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, § 2254(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

United States Supreme Court Rule 13(1) provides that a "petition for certiorari seeking review of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Rule 13(3) provides that the "time to file a petition for writ of certiorari runs from the date of entry of judgment or order sought to be reviewed." Thus, a state court decision becomes final ninety days after the denial of discretionary review by the highest state court. See Beery v. Ault, 312 F.3d 948 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2003) (Beery).

While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. See Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (Williams). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. See id. "The term 'pending' includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." Beery, 312 F.3d at 950 (citing Peterson, 200 F.3d at 1203 ("[O]ne-year limitations period for filing habeas petition was tolled while petitioner sought post-conviction relief in state court, from date when petitioner filed his motion for post-conviction relief up until date when Missouri Court of Appeals affirmed the denial of post-conviction

7

relief."). It is not "pending," however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)).

The Eighth Circuit further explained, in Williams, 299 F.2d at 983-84, as follows:

> We stated in [Peterson v. Gammon, 200 F.3d 1202 (8th Cir.2000)] that a post-conviction application remains "pending" for the entire period during which a notice of appeal "would be timely, assuming such a notice was in fact filed." See id. at 1205. ... Peterson did not say that the statute of limitations was tolled only if the petitioner filed a timely appeal; it said that it was tolled if he or she did so. Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is "pending" (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal. See Gibson v. Klinger, 232 F.3d 799, 803-04 & n. 1 (10th Cir.2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir.2000).

The Eighth Circuit holds that § 2244(d)(2) does not toll the statute of limitations for the ninety day period following the final denial of state post-conviction relief during which the petitioner could seek a writ of certiorari from the United States Supreme Court. See Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001) (Jihad); Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001). See also, Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir.2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999); Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir.1999).

The 1-year statute of limitations of § 2244(d) is subject to the doctrine of equitable tolling. See Jihad, 267 F.3d at 805 (citing Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). As held by the court in Jihad, 267 F.3d at 805, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction."

**DISCUSSION**

As stated above, Respondent argues that Petitioner's § 2254 Petition should be dismissed as it is untimely. Petitioner argues in his Traverse that Respondents' calculations are not correct and that his Petition is timely filed. He argues, alternatively, that the doctrine of equitable tolling is applicable to his § 2254 Petition.

The Missouri appellate court affirmed the judgment against Petitioner pursuant to his direct appeal on July 7, 1999. Petitioner filed his State post-conviction relief motion on July 22, 1999, which is fifteen days after the appellate court's denial of Petitioner's direct appeal. See Mo. R. Civ. P. 83.02. Therefore, the 1-year period was tolled through the date the Missouri appellate court denied the appeal of Petitioner's post-conviction relief motion on September 25, 2001, and continued to be tolled for an additional fifteen days beyond that date. See Mo. R. Civ. P. 83.02; Beery, 312 F.3d at 950. At that point, October 10, 2001, the statute commenced running.

Petitioner filed his first State habeas petition on March 22, 2002.[2] Thus, the **163 days** from

---

[2] Missouri Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition. Under Missouri law "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 210 (Mo. Ct. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc)).

The Eighth Circuit holds, however, that where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri law. See Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991) (Byrd). The Eighth Circuit further has stated that "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ], there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Significantly, in regard to Petitioner's first State habeas petition, the Missouri circuit court requested that the State respond and further indicated that this habeas petition might have merit. On the other hand, the court summarily dismissed Petitioner's second habeas petition. In any case,

9

October 10, 2001, until March 22, 2002, are counted against Petitioner as the statutory 1-year period was running for that period.

The 1-year statutory period again was tolled while Petitioner's first State habeas petition was pending. See Beery, 312 F.3d at 950. The State court denied this petition on September 22, 2002. Petitioner filed an appeal of this decision with the Missouri appellate court.[3] On February 5, 2003, the Missouri appellate court dismissed Petitioner's appeal on the grounds that there is no appeal pursuant to Missouri procedure from the denial of a State habeas petition. See Resp. Ex. O (citing Beebee v. State, 619 S.W.2d 363 (Mo. Ct. App. 1981)). Because Missouri procedure does not afford an appeal from the denial of a State habeas petition, the 1-year statutory period again commenced running on September 22, 2002. See Williams, 299 F.2d at 983-84. Petitioner did not file his second State habeas petition until September 18, 2003. Thus, even assuming, arguendo, that the statute was tolled upon this second filing, **the statute was running for almost twelve months** between September 22, 2002, and September 18, 2003.[4] Petitioner could have filed a timely § 2254 Petition after the State court denied him habeas relief but before this twelve month period expired, deducting the above calculated 163 days. As such, Petitioner's § 2254 Petition was due in this court no later than April 5, 2003.[5] Petitioner filed the § 2254 Petition in the matter under consideration on

---

the court has given Petitioner the benefit of assuming, arguendo, that the 1-year period was tolled during the pendency of both of his State habeas petitions.

[3] The record before this court does not establish the date upon which Petitioner filed this appeal.

[4] See note 2, above.

[5] The court notes that Petitioner does not suggest circumstances which precluded his filing the second State habeas Petition earlier than he did; he waited almost a year to file his second petition by which time the statute of limitations had run for him to timely file a petition pursuant to § 2254.

February 3, 2004. The court finds, therefore, that Petitioner's § 2254 Petition was filed well in excess of the 1-year statutory period as provided by § 2244(d)(1) and (2).[6]

As stated above, the 1-year statute of limitations of § 2244(d) is subject to the doctrine of equitable tolling when a habeas petitioner can establish extraordinary circumstances beyond his control which made it impossible to file a petition on time. See Jihad, 267 F.3d at 805. Petitioner argues such extraordinary circumstances exist in the matter under consideration and that, therefore, his § 2254 Petition is properly before the court. In support of this position Petitioner directs the court's attention to the procedural history of his case as more fully set forth above. See Doc. 12 at 3-4. Petitioner contends that the circumstances beyond his control include the fact that he suffered from mental, emotional, and neurological deficits since early childhood; the he asserted a defense of not guilty by reason of mental disease throughout the adversary proceedings; that commencing in 1995 he was under the care of mental health professionals; that he was in the mental health unit at the Farmington Correction Center; that since 1999 he has been in the protective custody unit at the Jefferson City Correctional Center "per his request over the mental disorders, heavily medicated state, and aggressive inmates in the general population taking advantage of his circumstances"; that he has been indigent during the past several years; that his access to legal files and records has "been continually impeded" by the Missouri Department of Corrections ("MDOC"); and that his requests for financial aid "went unanswered." Id. at 6-10. Petitioner acknowledges that he was transferred to

---

[6] The Missouri appellate court denied Petitioner's second State habeas petition October 1, 2003. See Resp. Ex. R. As there is no appeal from the denial of this second State habeas petition, the statutory period ran for the period between October 16, 2003, and February 3, 2004, an additional **110 days**.

the Jefferson Correction Center in 1996 due to the policy of the MDOC policy regarding prisoner's with an escape history and that he picks cans out of the trash for recycling purposes.[7]

In support of his argument that equitable tolling is applicable to his § 2254 Petition, Petitioner cites Nichols v. Dormire, 2001 WL 311006, at *1 (8th Cir. Apr. 2, 2001) (Nichols)[8] which holds:

> While [existence of a] mental impairment can be an extraordinary circumstance interrupting the limitation period, in this case the district court found that, during the applicable time frame, Nichols lived in general population at the Jefferson City Correctional Center, was employed at the institution's chemical products factory, appeared coherent and alert at all times, did not suffer from auditory or visual hallucinations, was not suicidal or homicidal, and was capable of registering a written complaint to prison officials. As a result, we agree with the district court that the degree and duration of Nichols's mental impairment does not constitute an extraordinary circumstance justifying the tolling of the limitations period.

Petitioner does not suggest that he suffered hallucinations, that he was suicidal or homicidal, or that he was incapable of registering a complaint with prison officials. Petitioner acknowledges that he requested financial assistance to facilitate his acquisition of materials. This suggests that he was capable of registering a complaint regarding his allegation that he was denied access to records. Petitioner generally contends that his access to records was impeded; he does not state what records he allegedly requested; who denied him access; how frequently he attempted to obtain records; or when these impeding actions allegedly took place. Additionally, according to Petitioner's account, he was placed in protective custody pursuant to his own request. Moreover, while Petitioner contends that his alleged mental disorders justify equitable tolling, Petitioner's alleged mental

---

[7] Respondents have not responded to Petitioner's equitable tolling argument. The court will, therefore, deem the facts alleged by Petitioner in regard to his history in prison as true.

[8] This case cited by Petitioner is unreported. Eighth Circuit Rule 28A(i) provides that unpublished opinions "are not precedent and parties should not generally cite them." Unpublished opinions may be considered if they have "persuasive value on a material issue and no published opinion of [the Eighth Circuit] or any other court would serve as well." Rule 28A(i).

disorders and/or impairments have not prevented him for filing, among other legal documents, a twelve page typed pro se habeas petition with the State Circuit Court (Resp. Ex. K), a fifty-six page typed pro se habeas petition with the Missouri appellate court (Resp. Ex. 9), and two pro se § 2254 Petitions. The court finds, therefore, Petitioner has not established that conditions made it impossible for him to timely file his § 2254 Petition or that Respondent lulled him into inaction.[9] The court finds further that Petitioner has not established extraordinary circumstances which would entitle him to equitable tolling of the 1-year statute of limitations of § 2244(d)(2).

## CONCLUSION

For the reasons stated above, the court finds that Petitioner's Petition filed pursuant to 28 U.S.C. § 2254 is untimely and that, therefore, it should be dismissed in its entirety.[10]

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be **DISMISSED**, in its entirety. [1]

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

---

[9] Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (Kruetzer), also cited by Petitioner in support of his argument that equitable tolling is applicable, provides that counsel's confusion or error does not justify equitable tolling. As such, Kruetzer does not support Petitioner's argument that equitable tolling is applicable to his § 2254 Petition.

[10] Because the court finds Petitioner's § 2254 Petition untimely, it is unnecessary to examine the merits of his claims. The court notes, however, that many of Petitioner's claims are procedurally defaulted as they were not raised in Petitioner's State appeals. See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).

The parties are advised that they have eleven (11) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  4th  day of April, 2005.