UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD WILLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:04CV144 RWS |
| ) | |
| MIKE KEMNA and ) | |
| JEREMIAH NIXON, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

Petitioner Donald Willen seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Mary Ann L. Medler for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On April 4, 2005, Judge Medler filed a recommendation that Anderson's habeas petition should be denied because it was filed after the one year statute of limitations period had expired.

On August 15, 2005, Willen filed objections to Judge Medler's Report and Recommendation contesting her calculation of the statute of limitations period. I have conducted a de novo review of all matters relevant to the petition. I find that Judge Medler properly analyzed whether Willen's petition was timely filed and correctly concluded that it was not.

In his objection Willen asserts that Judge Medler failed to take into account Willen's numerous filings seeking a rehearing or transfer of his post conviction appeal. Willen also asserts that he had cause to believe that limitations period was tolled while his first state habeas petition was pending on appeal. By Willen's own calculations, however, he admittedly filed his present federal habeas petition twenty days past the one-year limitations period. He argues that his psychological problems and prison conditions should be deemed cause to equitably toll the limitations period for the twenty days that his present petition was filed out of time.

I have carefully reviewed the time-line of the limitations period in this matter. Even giving Willen the benefit of the doubt on whether his various state court motions tolled the limitations period, I conclude that Willen filed this petition at least seventy-one days out of time.[1] Willen's assertion of cause for his belated filing is without merit. Based on the numerous legal filings he was able to make in state court and the fact that he had previously filed a federal habeas petition that was dismissed without prejudice, I conclude that Willen had the ability to file a timely federal habeas petition. As a result I will adopt Judge Medler's Report and Recommendation that Willen's habeas petition be denied.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Willen has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Donald Willen's Petition for Writ of Habeas Corpus is **DENIED**.

---

[1] At a minimum, I find that none of the following motions included in Willen's calculation tolled the limitations period; his motion to recall the mandate filed on November 11, 2001, his motion for a rehearing or transfer of the motion to recall the mandate filed on December 12, 2001, and his motion to transfer the record on appeal filed on January 29, 2003 (all pending for a total of fifty-one days which is in addition to the twenty days Willen admits his petition was filed out of time).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2005.