UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DONALD WILLEN,                    )
                                 )
            Petitioner,          )
                                 )
v.                               )        Case No. 4:04CV144 RWS
                                 )
MIKE KEMNA and                   )
JEREMIAH NIXON,                  )
                                 )
            Respondents.         )

**<u>MEMORANDUM OPINION</u>**

On September 29, 2005, I entered an order and judgment which denied Petitioner Donald

Willen's petition for a writ of habeas corpus.[1]  I denied the petition because it was filed well past

the one-year statute of limitations period had expired.  Over a year later, on October 13, 2006,

Willen filed a verified motion to set the judgment aside under Federal Rule of Civil Procedure

60(b).[2]  Willen asserts that the judgment should be set aside for three reasons; his petition was

timely because the limitations period was tolled until the mandate issued in his various state

court filings; his petition should have been deemed timely through the application of the doctrine

equitable tolling; and his petition should have been deemed timely because his first federal

petition for habeas corpus had been improperly dismissed rather than held in abeyance under a

recent United States Supreme Court decision.

Willen does not expressly state under which provision of Rule 60(b) he is seeking relief.

Because this motion was filed over a year after my judgment was entered, Willen is precluded

---

[1] The United States Court of Appeals for the Eighth Circuit declined to issue a certificate
of appealability in this matter on July 3, 2006.  The Eighth Circuit denied Willen's motion for a
rehearing on August 30, 2006 and issued its mandate on September 12, 2006.

[2] Willen signed this document on October 9, 2006.

from seeking relief under 60(b) sections (1), (2), and (3).[3]  Willen must be seeking relief under Rule 60(b)(6) (any other reason justifying relief from the operation of the judgment) as this is the only section of the rule that would apply to this case.  Rule 60(b) requires such a motion to be filed within a "reasonable time."

Willen's first two points for relief have been previously addressed in my memorandum opinion[4] denying his petition filed on September 29, 2005.  In Willen's first point he argues that his petition was timely because the statute of limitations was tolled until the state appellate courts' mandates issued on Willen's various state court filings litigated before he filed the present federal habeas petition.[5]  As I noted in my memorandum opinion, even by Willen's own calculation, his habeas petition was filed twenty days out of time.  That calculation gave Willen the benefit of every doubt and includes a tolling of the limitations period until the mandates were issued.  Another review of Willen's state court post-conviction litigation reveals that Willen missed the statute of limitations deadline by much more that twenty days.

Willen's second point of relief concerns his equitable tolling argument raised in his traverse and in his objection the Report and Recommendation.  This argument was considered in the Report and Recommendation which I adopted and was considered independently by me in my memorandum opinion denying his motion for a writ of habeas corpus.  Willen's present Rule 60(b) motion repeats his argument for equitable tolling.  This point for relief is denied.

Finally, Willen argues that the I improperly dismissed his previously filed federal habeas

---

[3] A motion for relief under those sections must be filed within a year following the entry of the judgment at issue.

[4] Which includes the reasons stated in the Report and Recommendation that I adopted.

[5] The United States Court of Appeals for the Eighth Circuit has held that the limitations period for habeas corpus petitions is tolled until the state appellate court issues its mandate in a petitioner's post-conviction or other collateral relief proceedings.  Payne v. Kemna, 442 F.3d 570 (8th Cir. 2006).

case. He asserts that the case should have been held in abeyance while he exhausted his claims in state court.

This point concerns Willen's first federal habeas case he filed on June 21, 2002[6] in Case No. 4:02CV941RWS.[7] At the time Willen filed that federal case he had a state habeas corpus case pending in Missouri state court. I dismissed that federal habeas case without prejudice on February 11, 2003 because Willen had failed to exhaust his state remedies for the claims he filed in his federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001) (which requires a petitioner to exhaust his state remedies before asserting his claims in a federal habeas petition). In my order of February 11, 2003, I adopted the report and recommendation of Magistrate Judge Mary Ann L. Medler which found that none of Willen's claims were exhausted. Judge Medler specifically found that Willen's petition was not a mixed petition of exhausted and unexhausted claims. In the dismissal I reminded Willen that he could refile a habeas petition if he did so within the statute of limitations period. Liberally construing the limitations period, Willen had to file his federal habeas petition by late April of early May 2003 to file a timely petition.

On March 30, 2005, the United States Supreme Court held that district courts, when faced with a ***mixed*** habeas petition, have limited discretion to hold federal habeas petitions in abeyance while a petitioner's unexhausted claims are expeditiously presented to the state court for review. Rhines v. Weber, 544 U.S. 269 (2005)(abrogating the Court's prior holding in Rose v. Lundy, 455 U.S. 509, 522 (1982) that mixed habeas petitions must be dismissed if the petitioner fails to

---

[6] It would have been more appropriate for Willen to challenge to the dismissal of his first federal habeas petition in a Rule 60(b) motion under that case number. However, in the interest of judicial economy I address it here.

[7] The statute of limitations to file a habeas corpus petition is not tolled during the pendency of a previously filed federal habeas corpus petition. Duncan v. Walker, 533 U.S. 167, 181-182 (2001). However, this fact is not an issue in this case because the limitations period was tolled during the pendency of Willen's first federal habeas petition because his first state habeas petition, liberally construed, was pending from March 22, 2002 through March 20, 2003.

amend his petition to remove his unexhausted claims). Willen asserts that <u>Rhines</u> should be retroactively applied to his first habeas petition and that I should have held his first habeas case in abeyance while he exhausted his claims in state court.

I will deny Willen's motion to reinstate his first habeas petition for several reasons. First, Rule 60(b) states that any motion under the Rule must be made "within a reasonable time." I dismissed Willen's first habeas case on February 11, 2003. The <u>Rhines</u> decision was issued on March 30, 2005. I dismissed Willen's present habeas case on September 29, 2005. Willen did not raise the issue of the applicability of the <u>Rhines</u> decision until he filed his Rule 60(b) motion on October 13, 2006 more than a year after I dismissed Willen's present case and over a year and a half after the decision in <u>Rhines</u> was handed down. I find that Willen's invocation of the decision in <u>Rhines</u> in his Rule 60(b) motion was not made in a reasonable time. <u>Federal Land Bank of St. Louis v. Cupples Bros.</u>, 889 F.2d 764 (8th Cir. 1989). This issue could have been raised in a Rule 60(b) motion in Willen's original habeas case after the <u>Rhines</u> opinion was handed down. It could also have been raised in the present case either before or after Willen filed his appeal. <u>Id.</u> at 766-767 (district court has jurisdiction and properly considers a Rule 60 motion while the case is on appeal).

The second reason to deny Willen's request to reinstate his first habeas petition is the difference in the posture of his case and the case in <u>Rhines</u>. Willen's fist habeas petition was not a mixed petition. All of the claims in Willen's first petition were unexhausted because these claims were pending in a state court habeas action at the time Willen's first petition was filed and at the time it was dismissed. The Supreme Court's decision in <u>Rhines</u> only addressed cases that involved ***mixed*** petitions, that is, those petitions that contain both exhausted and unexhausted claims. For this reason, I find that the <u>Rhines</u> decision does not apply to Willen's case because his petition was not a mixed petition.

Finally, even if Rhines applied to Willen's petition (as hinted at by the Eighth Circuit Court of Appeals in Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005)) relief under Rhines is not warranted. The Rhines decision stated that under limited circumstances a district court has the discretion to allow a mixed petition to be stayed and held in abeyance while the petitioner is allowed to expeditiously present his unexhausted claims to the state for review. Id. at 277. A mixed petition should not be stayed indefinitely. Id. A district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278 (citing as an example a 30 day limit to seek relief with the state after a stay is entered and a 30 day limit to return to federal court after the state exhaustion is completed).

Willen's first federal habeas petition was dismissed on February 11, 2003, because the claims in Willen's petition were contemporaneously being pursued in a state habeas proceeding. This is not a case where Willen had to file a state court proceeding in an attempt to exhaust his federal habeas claims. Those claims were already before the state court in his state habeas petition filed on March 22, 2002, when Willen filed his first federal habeas petition on June 21, 2002. When I dismissed Willen's first federal habeas petition on February 11, 2003, I warned Willen that he may refile his federal habeas petition "if he does so in the manner dictated by § 2244(d)(1) and (2)."

Willen's state court habeas petition was denied on September 26, 2002 and that decision was affirmed on appeal. The state appellate court issued its mandate on March 20, 2003. At that point Willen had until the end of April or early May to refile the federal habeas petition that he had already drafted. He failed to do so. Instead he pursued another state habeas petition filing that suit on September 18, 2003, well after the statute of limitations to file his federal habeas suit had run. He did not file the present federal habeas case until February 2, 2004.

As a result, I find that Willen failed to expeditiously pursue his federal habeas petition as

is required by the decision in <u>Rhines</u>.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Donald Willen's motion to set aside judgment under Rule 60(b) [#36] is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2007.